NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUL 15 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-156-KSF

RAYMOND L. MORGAN, JR.                                               PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, JR., Warden, et al.                               RESPONDENT

\*\*\*\*\*\*

Raymond L. Morgan, Jr., an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, and he has now paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Accordingly, the petitioner did not need a separate motion to liberally construe his pleadings, because the Court will do so *sua sponte*.

CLAIMS

The petitioner challenges the Bureau of Prisons' (BOP) decision to deny him credits toward his sentence for time spent in restrictive home confinement prior to beginning service of his sentence

at a prison.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a typewritten petition, which includes a memorandum of law and attached documentary exhibits demonstrating that he exhausted his administrative remedies prior to filing the instant cause of action. Record No. 1. The following is a summary or construction of the allegations contained therein.

On June 12, 1997, Petitioner Morgan was arrested on the federal charges which resulted in the sentence he is currently serving. He remained in custody until November 12, 1999, when he was released on bond conditioned on his home confinement, with electronic monitoring. The petitioner alleges that more than a year later, on December 21, 2000, while still under the strictures of home confinement, he was sentenced to 115 months' imprisonment.[1] This home confinement ended on January 16, 2001, when the petitioner self-surrendered to the BOP for service of the federal sentence. The petitioner seeks credit toward that sentence for the November 12, 1999 - January 16, 2001 period of time when he was subjected to home confinement, a total of 14 months and 4 days.

The attachments to his petition not only show that the petitioner has exhausted this topic administratively but also what the parties' positions were during that process. The petitioner has argued that the BOP is authorized to award him these credits under 18 U.S.C. §3585(b) and denial of them is violative of the statute and the due process and equal protection guarantees of the U.S. Constitution. The government has claimed that the award is barred by the statute; the holding in *Reno v. Koray*, 515 U.S. 50 (1995); and BOP Program Statement ("P.S.") 5880.28, which is

---

[1] *United States v. Morgan*, Criminal No. 97-0098-003, in the United States District Court for the Eastern District of Wisconsin.

2

patterned after the *Koray* decision. The petitioner responds that the legal landscape has changed since the *Koray* decision, and he cites to other courts' opinions which have purportedly recognized the change and awarded home confinement credits. He asks this Court to follow the trend and order the BOP to credit him with the time spent in home confinement.

## DISCUSSION

The parties both refer to 18 U.S.C. §3585 and case law flowing therefrom. The statute reads in pertinent part as follows:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(b). Under the statute, it is the Attorney General, through the Bureau of Prisons, who is authorized to grant a prisoner credit for time spent in pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). Congress has limited the available credits, specifying that the BOP can grant the credits only for time in "official detention" and only time "that has not been credited against another sentence." *Id.* A district court, however, may grant a petitioner equitable relief under 28 U.S.C. §2241. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

In *United States v. Becak*, 954 F.2d 386, 388 (6th Cir.), *cert. denied*, 504 U.S. 945 (1992), the United States Court of Appeals for the Sixth Circuit was faced with an applicant for such credit who

3

had been released on bond, subject to several conditions, including residing at his mother's home when not at his job. The appellate court in this circuit examined the statute; held that sentence credits under §3585 may be granted only for "conditions equivalent to physical incarceration," which home confinement does not constitute; and affirmed denial of the credits for that time. *Id.* at 388.

The undersigned was guided by the *Becak* decision in *Modlin v. Hambrick*, 793 F.Supp. 136 (E.D. 1992). The Court examined the statute, the *Becak* circumstances, and other circuits' law, including "*United States v. Zackular*, 945 F.2d 423 (1st Cir. 1991) ('confinement to the comfort of one's home is not the functional equivalent of incarceration in either a practical or psychological sense')." 793 F.Supp. at 138. This Court held that the petitioner's confinement in a community corrections center, as a condition of her release on bond, was not "official detention," and therefore, she was not entitled to have the time credited toward her federal sentence. This Court finds no legal difference in that decision and today's.

Then the Supreme Court of the United States decided *Reno v. Koray* on this very issue. The Court was faced with a split in circuits as to whether a prisoner "released" on bail pursuant to the Bail Reform Act of 1984[2] is entitled to credit toward his sentence under §3585(b) for time spent on bond in a community treatment center. The Sixth Circuit's *Becak* case was cited as one denying credit for time spent in confinement at the prisoner's mother's home, under conditions set for his release on bond. 515 U.S. 55, n.1. The High Court ultimately agreed with such cases, holding that time which the prisoner had spent at a community treatment center "while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. §3585(b). [Petitioner Koray] therefore was not entitled to a credit against his sentence of

---

[2]  *See* 18 U.S.C. §3142.

4

imprisonment." 515 U.S. at 65.

*Becak* and *Reno v. Koray* are still good law and they control the analysis and result herein. Although the instant petitioner has alleged that the legal landscape has changed, he has pointed to no authority for such a claim. The statute is not changed. The complained-of Program Statement, P.S. 5880.28, which is grounded in *Reno v. Koray*, has not undergone any change away from the holding. Nor has case law wrought the change which the petitioner claims.

Although the instant petitioner lifts favorable language from recent cases, the decisions do not stand for the proposition for which they were cited. For example, the petitioner cites to *United States v. Sack*, 379 F.3d 1177 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1724 (2005), but the appellate court therein distinguished its inquiry from today's. The court wrote that it was examining a conviction for escape from a halfway house, under 18 U.S.C. §751, but "*Koray* was examining the language of 81 U.S.C. §3585." *Id.* at 1179. As to P.S. §5880.28, the Tenth Circuit noted that the most recent version, effective 1997, simply recites the holding of *Koray* to justify the BOP's policy regarding time credit for pretrial detention. While a change in policy may occur, it has not happened yet. *Id.* at 1180, n.3.

Similarly, the petitioner cites *United States v. Jones*, 107 F.3d 1147 (6th Cir.), *cert. denied*, 521 U.S. 1127 (1997), but the issue therein was whether the home detention therein constituted "a sentence of imprisonment" under the terms of U.S.S.G. §4A1.1(A), not 18 U.S.C. §3585. Still the circuit court in this circuit noted the continued strength of *Reno v. Koray*, writing, "Were we to look outside the Sentencing Guidelines to determine whether a sentence of home detention is a term of imprisonment, we would be guided by the Supreme Court's recent decision in *Reno v. Koray*, 515 U.S. 50 . . . ." *Jones*, 107 F.3d at 1164, n.16.

5

Thus, the instant petitioner's reliance on §3585 and some purported change in case law is not well placed. Nor do his constitutional claims hold up to scrutiny. The case of *Cucciniello v. Keller*, 137 F.3d 721 (2nd Cir. 1998), summarizes this Court's conclusions on the claims made herein. The Second Circuit held that the prisoner therein was not entitled to credit for time spent in home confinement as a condition of bail release, under 18 U.S.C. §3585(b); nor did the denial of the credits violate the prisoner's rights to equal protection or due process. *Id.*

The Court has screened the instant petition against current case law and encountered numerous opinions supporting its decision herein. In addition to the foregoing, see *United States v. Lineberger*, 46 Fed.Appx. 717, 2002 WL 31133367 (4th Cir. 2002). The instant petitioner, however, has presented no authority to support his claim of entitlement to sentence credits under §3585(b) for the time he was subject to home confinement.

Therefore, the instant petitioner has failed to state a claim upon which this Court may grant relief, and dismissal is required.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Morgan's petition for writ of habeas corpus is **DENIED**, *sua sponte*.

(2) The action herein will be **DISMISSED** from the docket of the Court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondents.

This the _15th_ day of July, 2005.

KARL S. FORESTER, SENIOR JUDGE

6